# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>**PLAYA HERMOSA DEVELOPMENT CORP., Debtor** | Case No. 14-09236 (ESL)<br><br>Chapter 11 |

### MOTION TO JOIN AND IN SUPPORT OF THE UNITED STATES TRUSTEE AND ORIENTAL BANK'S MOTION DISMISS (DOCKETS #17 AND 24)

COMES NOW Scotiabank de Puerto Rico ("Scotiabank"), by its undersigned counsel and respectfully states, alleges and prays:

### Jurisdiction

This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

### Introduction

1. On November 6, 2014 (the "Petition Date"), Debtor filed its Chapter 11 bankruptcy petition.

2. From the Petition Date, Debtor is debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

3. On February 14, 2014, the Francisco J. Rodriguez Bernier, Under Secretary of State notified the Debtor that it had failed to comply with its annual obligation to file reports or pay annual dues, as applicable, for the years 2008, 2009, 2010, 2011, 2012 as required under the General Corporation Law of Puerto Rico, Act No. 164-2009.

4. To that effect the Under Secretary of State informed the Debtor that failure to comply within sixty (60) days after the date of this notice would result in the Secretary of State

administratively cancelling in full its certificate of incorporation or organization, respectively.

5. The Department of State of the Commonwealth of Puerto Rico issued Debtor's Certificate of Revocation of the Debtor's Certificate of Incorporation under registration number 95175 on April 16, 2014, pursuant to 14 L.P.R.A. § 3852.[1]

6. On November 19, 2014, the United States Trustee's sent to Debtor a letter scheduling the Initial Debtor Interview and requiring documentation needed for such meeting.

7. The 11 U.S.C. §341 meeting of creditor and equity security holders meeting was scheduled for December 15, 2014. (Docket #3).

8. As proffered by the United States Trustee, the Debtor failed to supply the required information and to show for the Initial Debtor Interview. (Docket #24).

9. On December 5, 2014, the Debtor filed a motion for extension of time until December 15, 2014 to file the schedules and statement of financial affairs. (Docket #15).

10. On December 8, 2014, this Court entered an order denying Debtor's request for an extension. (Docket #19).

11. To date, the Debtor failed to comply with Federal rule of Bankruptcy Procedure 1007(b) and (c), by failing to file the schedules and statement of financial affairs.

12. On December 15, 2014, the §341 meeting of creditors and equity security holders

---

[1] Article 15.02 of the General Corporations Law of 2009, as amended, provides in part: "… If a domestic corporation fails to file the annual report required by law for a term of two (2) consecutive years, the Secretary of State is authorized to revoke the certificate of incorporation of such corporation. At least sixty (60) days before revoking the certificate of incorporation, the Secretary of State shall notify the affected corporation of his/her intention to revoke by sending a notice of such intentions by mail to the registered agent of such corporation as it appears in its records. The Secretary of State shall establish by regulation such other provisions as may be necessary to implement the procedure of administrative fines and other penalties which are established in this section. Once the certificate of incorporation is canceled pursuant to law the Secretary of State shall notify the Secretary of the Treasury of such cancellation." The Department of State adopted Regulation 7703 on June 8, 2009 to effect the procedure to implement this Article. Regulation 7703 was revoked by Regulation 8501 on July 24, 2014. Neither regulation provides for a procedure for administrative reinstatement, therefore the provisions of Article 11.02 of the General Corporations Law of 2009, as amended, are applicable for the revival and restoration of a certificate of incorporation.

was not held due to Debtor's failure to provide the United States Trustee information requesting and file the schedules and statement of financial affairs in a timely fashion.

13. Scotiabank respectfully submits that based on the arguments listed by the United States Trustee and Oriental Bank in their respective motions for dismissal cause exists for dismissal, and moves this Court for the dismissal of this Chapter 11 proceeding with bar date to refile.

## Brief in Support

14. Section 521(a)(1) of the Bankruptcy Code provides a list of duties that the debtor must comply with, such as the duty to file a list of creditors, schedules and a statement of financial affairs. 11 U.S.C. § 521(a)(1). A debtor has a duty to disclose all assets to the bankruptcy court on a schedule, including legal claims. 11 U.S.C. § 521(a)(1); Graupner v. Town of Brookfield, 450 F.Supp.2d 119, 124 (D.Mass.2006).

15. Section 521(a)(1) requires the debtor to file the schedules and statement of affairs, in accordance with the Federal Rules of Bankruptcy Procedure, particularly Federal Rule of Bankruptcy Procedure 1007. Id. Federal Rule of Bankruptcy Procedure 1007(c) requires that the schedules, statements, and other documents required by Rule 1007(b)(1) be filed by the debtor within 14 days after the entry of the order for relief. Fed. R. Bankr. P. 1007(c). In re Pipeliners of P.R., Inc., (Bankr.P.R., 2014)

16. This disclosure is necessary to permit trustees and other parties in interest to examine the debtor's financial condition and business transactions and to help evaluate whether the debtor deserves a fresh start. Indeed, *"the successful functioning of [federal bankruptcy law] hinges both upon the bankrupt's veracity and his willingness to make a full disclosure."* Boroff

v. Tully (In re Tully), 818 F.2d 106, 110 (1st Cir. 1987) (quoting In re Mascolo, 505 F.2d 274, 278 (1st Cir. 1974)).

17. Section 1112(b)(1) of the bankruptcy code states that "... on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause."

18. Under section 1112, dismissal is mandatory upon a showing of cause. The term "cause" is not defined, but rather, the section enumerates examples of cause, any one of which may be sufficient to justify the conversion or dismissal of the case.

19. Section 1112(b)(4)(F) and (b)(4)(H) establishes cause as unexcused failure to satisfy timely any filing or reporting requirement established by Title 11 or by any rule applicable to the case under Chapter 11 and failure to provide information or attend meetings reasonably requested by the United States Trustee. See In re Sanchez, 429 B.R. 393 (Bankr.P.R., 2010)

20. When cause is established, the debtor or other parties opposing the section 1112(b) motion must also establish all of the factual elements stated in subparagraphs (A) and (B) of section 1112(b)(2) in order to defeat a motion to dismiss or convert. See 7 Collier on Bankruptcy at ¶1112.05[2]. If there are no "*unusual circumstances*" then, this Court must apply the section 1112(b)(2) analysis to determine whether the chapter 11 case should be dismissed or converted.

*Motion to Dismiss*
Page 5

21. In this case, the debtor did not provide information or attend meetings reasonably requested by the United States Trustee nor did it satisfy in a timely manner any filing or reporting requirement within the statutorily set time period under section 1121(b)(4) or 707(a)(3). The Debtor's justification for its failure is outlined in their motion of December 5, 2014 (Docket #15) which this Court denied (Docket #19).

22. In this case the record shows that Debtor has failed to comply with the duties imposed by section 521, in accordance Federal Rules of Bankruptcy Procedure 1007(b), within the time limits provided by law. Therefore, Debtor's failure constitutes "cause" under section 1112(b), (b)(4)(F), and (b)(4)(H).

23. Scotiabank incorporates herein by reference the arguments made by the United States Trustee and Oriental Bank as to why dismissal of the case is in the best interest of creditors rather than conversion.

WHEREFORE, Scotiabank request this Court to dismiss the bankruptcy filing with a bar date to refile.

RESPECTFULLY SUBMITTED.

NOTICE OF TIME TO RESPOND

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

In San Juan, Puerto Rico, today December 19, 2014.

*Motion to Dismiss*
Page 6

>*Counsel for Creditor-* Scotiabank de Puerto Rico
>**SALICHS POU & ASSOCIATES, P.S.C.**
>PO BOX 195553
>San Juan, Puerto Rico 00919-5553
>Tel. (787) 449-6000 / Fax (787) 474-3892
>*S/ Juan C. Salichs*
>JUAN C. SALICHS
>USDC-PR No. 211610
>E-mail: jsalichs@splawpr.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will notify all parties registered through their attorneys of record.